UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:23-po-00083 AC |
| Plaintiff, | |
| v. | ORDER |
| CHRISTINA A. ANGLE, | |
| Defendant. | |

     This petty offense case is set for trial on June 5, 2023. The government has filed a Notice of Request to Seal Documents which states that it seeks the filing under seal of "(1) a three-page motion filed with the Court in connection with the criminal prosecution of defendant Christina A. Angle, based upon the concerns articulated in the government's Request to Seal Documents; and (2) a Request to Seal Documents." ECF No. 6. The publicly filed Notice states that the "aforementioned documents" have been electronically transmitted to the court. Id.

     The undersigned has received via electronic transmission the two referenced documents together with two proposed orders, one granting the government's Ex Parte Motion and the other granting the government's Request to Seal. The proposed Sealing Order authorizes the filing under seal of both the Ex Parte Motion itself and the Request to Seal Documents, as indicated in the Notice. Moreover, the [Proposed] Order granting the Ex Parte Motion provides, following the language granting the substance of the motion, as follows: "Additionally, pursuant to Local Rule

1

1  141(b) and based upon the representation contained in the government's Request to Seal, IT IS
2  HEREBY ORDERED that *this order* shall also be SEALED until further order of this Court."
3  (emphasis added).  It is thus clear that the government seeks the filing under seal of three
4  documents, not two.

5  Requests to seal documents in this district are governed by E.D. Cal. R. ("Local Rule")
6  141.  In brief, Local Rule 141 provides that documents may only be sealed by a written order of
7  the court after a specific request to seal has been made.  Local Rule 141(a).  However, a mere
8  request to seal is not enough.  Local Rule 141(b) requires that "[t]he 'Request to Seal Documents'
9  shall set forth the statutory or other authority for sealing ..."  Local Rule 141(b).  The
10 government's Request to Seal provides the required citations to authority.

11 Under the First Amendment, the press and the public have a presumed right of access to
12 court proceedings and documents.  See generally Press-Enterprise Co. v. Superior Court, 464 U.S.
13 501, 510 (1985); Center for Auto Safety v. Chrysler Group, LLC, 809 F.3d 1092, 1096 (9th Cir.
14 2016).  This presumed right can be overcome only by an overriding right or interest "based on
15 findings that closure is essential to preserve higher values and is narrowly tailored to serve that
16 interest."  Press Enterprise, 464 U.S. at 510.  This standard applies in both the civil and criminal
17 contexts.  Oregonian Publishing Co. v. U.S. District Court for the District of Oregon, 920 F.2d
18 1462 (9th Cir. 1990).  A request to seal material must therefore normally meet the high threshold
19 of showing that "compelling reasons" support secrecy.  Kamakana v. City and County of
20 Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006).

21 The Ex Parte Motion seeks in camera review of sensitive personnel information, disclosed
22 in the body of the motion, regarding a government witness.  This information is confidential
23 under California law, see Cal. Pen. Code, § 832.7, and is protected from disclosure in most
24 contexts by federal statute, see e.g. 5 U.S.C. § 552 (b)(6); 5 C.F.R. § 293.  Having reviewed the
25 information contained in the Ex Parte Motion under the standards articulated in Press-Enterprise
26 and Oregonian Publishing, supra, the court finds that the witness's privacy interests are
27 compelling and that Local Rule 141 is satisfied.  Accordingly, the Ex Parte Motion will be filed
28 under seal to protect the confidential personnel information at issue.  However, neither the

Request to Seal nor the proposed Order on the motion includes the substance of any confidential personnel information.

The Request to Seal and the proposed Order reveal the nature of the Ex Parte Motion, the general type of information at issue and the reasons for its protection, and the substance of the ruling that the government seeks on that motion—all without divulging any of the information that is subject to protection. There has been no showing of an independent and compelling government interest in keeping secret the fact that the government has submitted a request for in camera review of witness personnel information pursuant to United States v. Henthorn, 931 F.2d 29 (1991). Although the personnel information reviewed by the court is appropriately kept confidential, the fact that the court has conducted such a review is not. Accordingly, neither the Request to Seal nor the proposed Order granting the Ex Parte Motion will be filed under seal.

The court now turns to the merits of the Ex Parte Motion. Having conducted the in camera review requested by the United States pursuant to Henthorn, supra, the court finds that the information described in the motion is not discoverable, relevant, or admissible. Accordingly, the motion will be granted. The government's proposed orders, however, will not be signed.

Accordingly, IT IS HEREBY ORDERED AS FOLLOWS:

1. The government's Request to Seal is GRANTED IN PART AND DENIED IN PART as follows:
   a. GRANTED as to the United States' Ex-Parte Motion for In Camera Inspection of Personnel Matter for a Government Witness. This document shall be filed under seal pursuant to Local Rule 141.
   b. DENIED as to the following documents, which shall be filed on the public docket: (i) the Request to Seal United States' Three - Page Motion; (ii) the [Proposed] Order Granting United States' Ex Parte Motion (unsigned); and the [Proposed] Order Sealing Documents As Set Forth in Government's Notice (unsigned).
2. The United States' Ex-Parte Motion for In Camera Inspection of Personnel Matter for a Government Witness is GRANTED. The court has conducted in camera review of the motion and the representations contained therein, and finds that the personnel matter

described in the motion is not admissible under Fed. R. Evid. 608 and that the United States need not produce it in discovery.

DATED: June 1, 2023

*/s/ Allison Claire*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE